I. An appeal does not perpetuate an injunction ■which the special term has refused to grant.
II. An appeal to the general term does not keep a mere preliminary restraining order in full force and effect after the injunction is granted or refused.
STATEMENT OF THE CASE.
An order was issued in this case requiring the defendants to show cause why they should not be attached for an alleged contempt of court, in disobeying a restraining order made by the justice holding the equity term.
The complainants filed their bill on the 10th day of September, 1874, and at the same time obtained an order that the defendants show cause why an injunction should not issue against them, and enjoining them in the meantime from committing certain acts of trespass upon the complainant’s property which were alleged in the bill. On the hearing of the application (which was the return-day of the said order) for the injunction, the court refused to grant it,' and discharged the order to show cause. From this decision the complainants appealed to the general term, and filed their undertaking in the cause upon the theory that it would operate as a supersedeas of any proceeding on the part of the defendants. And the defendants, on the other hand, proceeded with the work from which they had been restrained, supposing they were at liberty to do sonotwithstanding the appeal.
The complainants then obtained from the court in general term an order that the defendants show cause why they should not be punished for contempt of court in renewing the alleged acts of trespass after the appeal was taken. And they contended that the appeal kept the preliminary restraining order in full force and effect.
*69 The court were unanimously of opinion that such was not Ihecase; that whether the injunction is granted or refused, it is the end of the preliminary order; and that the appeal cannot be considered as establishing an injunction when the special term had refused to grant it. The rule to show cause was discharged.